IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, et al. | Case No. 10-3386 SC |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES |
| v. | |
| MARK ALAN LINDQUIST, | |
| Defendant. | |

## I.    INTRODUCTION

Before the court is a Motion for Attorney's Fees filed by Plaintiffs Board of Trustees of the Carpenters Pension Trust Fund for Northern California, et al. ("Plaintiffs"), against Defendant Mark Alan Lindquist ("Defendant").  ECF No. 50 ("Mot.").  Defendant did not file an Opposition.

## II.  BACKGROUND

This action arises from Plaintiffs' efforts to recover withdrawal liability from Defendant under the Employee Retirement Income Security Act ("ERISA").  On July 19, 2011, the Court granted summary judgment in favor of Plaintiffs.  The Court held that, pursuant to 29 U.S.C. § 1451(b), Plaintiffs were entitled to $954,508.00 in unpaid principal withdrawal

For the Northern District of California

1  liability, $95,450.80 in liquidated damages, applicable interest

2  in an amount to be determined, and attorney's fees and costs.

3  Id. at 17.  The Court granted Plaintiffs thirty days to file a

4  motion for attorneys' fees and costs.  Id.  On August 11, 2011,

5  Plaintiffs filed the instant Motion requesting attorney's fees

6  in the amount of $51,825.00 and costs in the amount of $515.58.

7  Mot. at 2.  On August 12, 2011, Defendant appealed the grant of

8  summary judgment against him.  ECF No. 52 ("Not. of Appeal.").

9     For the following reasons, the Court finds these amounts to

10  be reasonable and GRANTS Plaintiffs' Motion.  The Court STAYS

11  this Order until Defendant's appeal is resolved.

12

13  **III.  LEGAL STANDARD**

14     Under ERISA, the award of reasonable attorney's fees and

15  costs to a pension plan is mandatory in all actions to collect

16  unpaid employer withdrawal liabilities.  Lads Trucking Co. v.

17  Board of Trustees, W. Conf. Teamsters Pension Trust Fund, 777

18  F.2d 1371, 1373-75 (9th Cir. 1985).  To calculate reasonable

19  attorney's fees in such an action, district courts utilize a

20  two-step "hybrid lodestar/multiplier" approach.  Welch v.

21  Metropolitan Life Ins. Co., 480 F.3d 942, 945 (9th Cir. 2007).

22  First, the court establishes a lodestar by multiplying the

23  number of hours reasonably expended on the litigation by a

24  reasonable hourly rate.  Id.  In determining a reasonable hourly

25  rate, the court should consider "the experience, skill, and

26  reputation of the attorney requesting fees."  Id. at 946.  The

27  party seeking fees bears the burden of documenting the hours

28  expended in the litigation and must submit evidence supporting

For the Northern District of California

1    those hours and the rates claimed.  Second, in "rare and
2    exceptional cases," the district court may adjust the lodestar
3    upward or downward using a multiplier based on facts not
4    subsumed in the initial lodestar calculation.  <u>Id.</u>

5

6    **IV.  <u>DISCUSSION</u>**

7        Plaintiffs' counsel have submitted detailed billing records
8    demonstrating that they spent 222.8 hours litigating the instant
9    case.  ECF Nos. 50-1 ("McDonough Decl."), 50-2 ("Billing
10   Records").  These hours comprise time spent preparing pleadings,
11   attending case management conferences, conferring with
12   Defendant, propounding requests for admissions and requests for
13   production of documents, taking Defendant's deposition,
14   preparing the motion for summary judgment, and preparing the
15   instant Motion.  McDonough Decl. ¶ 8; Billing Records.
16   Plaintiffs have provided an itemized accounting of the number of
17   hours spent on each task.  <u>Id.</u>  The Court finds the hours to
18   have been reasonably expended on this litigation.

19       Plaintiffs' counsel charged an hourly rate of between $225
20   and $275 for attorney time and $115 for paralegal time.
21   McDonough Decl. ¶¶ 4, 9.  Counsel attest that the hourly fees
22   charged for this litigation are consistent with prevailing
23   market rates for litigation involving union-sponsored benefit
24   funds.  <u>Id.</u> ¶ 6.  A court can rely on the declaration of the
25   plan's attorney regarding the prevailing fees in the community.
26   <u>United Steelworkers v. Retirement Income Plan for Hourly-Rated</u>
27   <u>Employees of Asarco, Inc.</u>, 512 F.3d 555, 565 (9th Cir. 2008).
28   The rates charged are also in accord with rates approved in

For the Northern District of California

1  comparable cases in this district.  See, e.g., Bd. of Trustees

2  of the Boilermaker Vacation Trust v. Skelly, Inc., 389 F.Supp.2d

3  1222, 1227-1228 (N.D. Cal. 2005) (finding attorney rates of $210

4  per hour and $345 per hour to be reasonable in an ERISA action

5  seeking payment of delinquent contributions).  Therefore, the

6  Court finds Plaintiffs' counsel's hourly rates to be reasonable.

7  The Court finds no rare or exceptional circumstances that

8  warrant adjusting the fee award in this case upward or downward.

9  Accordingly, the Court finds that Plaintiffs are entitled to

10  recover a lodestar amount of $51,825.00.

11      Plaintiffs have also submitted billing records showing that

12  they incurred $515.58 in costs of delivering pleadings and other

13  documents to this Court.  McDonough Decl. at ¶ 12; Billing

14  Records.  Plaintiffs are entitled to recover these delivery

15  costs as part of their reasonable attorney's fees.  Trustees of

16  the Construction Industry and Laborers Health and Welfare Trust

17  v. Redland Ins. Co., 460 F.3d 1253, 1257 (9th Cir. 2006).

18  Accordingly, the Court finds that Plaintiffs are entitled to

19  recover a total sum of $52,340.58.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

V.   **CONCLUSION**

For the foregoing reasons, the Court GRANTS the Motion for Attorney's Fees filed by Plaintiffs Board of Trustees of the Carpenters Pension Trust Fund for Northern California, et al. against Defendant Mark Alan Lindquist in the amount of $52,340.58.  This Order is hereby STAYED until the Ninth Circuit rules on Defendant's appeal and returns the case to this Court's jurisdiction.


IT IS SO ORDERED.


Dated: September 29, 2011          

UNITED STATES DISTRICT JUDGE